IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO.: 4:09-CV-00031-D

| | |
|---|---|
| ELIZABETH S. PETTET, DIANE L. KATZENBERGER, and LYNWOOD H. KEITH, JR., individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiffs<br><br>　　　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>　　　　　　Defendant | **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully submits this memorandum in support of the parties' Joint Motion for Preliminary Approval of Class Action Settlement. The class action settlement for which Plaintiffs and State Farm seek Court approval is fair, reasonable and adequate, and the notice to settlement class members satisfies due process.

## BACKGROUND

This lawsuit relates to the distinctive rating system State Farm uses in North Carolina to determine the premiums for homeowners insurance covering property located in North Carolina. In particular, the lawsuit concerns how, in North Carolina, State Farm identifies the public protection classification, which is a factor in determining premiums for homeowners and rental dwelling policies and can be a factor in determining premiums for rental condominium unit owners. Pursuant to state requirements, State Farm utilizes Public Protection Classification ("PPC") ratings to take into account the fire protection facilities that serve an insured property in North Carolina. Plaintiffs have alleged that since February 25, 2005, State Farm has not properly

applied PPC ratings as a factor in its calculation of premiums on some North Carolina insurance policies. Plaintiffs contend that as a result of State Farm's failure to apply PPC ratings properly, certain State Farm policyholders in North Carolina have been overcharged for their premiums.

State Farm has denied that it has engaged in any wrongdoing or that it is liable to any class member. In many instances, an alleged overcharge may have been the result of changes affecting a covered property in North Carolina, such as a new fire hydrant, that were never reported to State Farm. In such cases, State Farm understandably determined the applicable premium based on the only information it had been provided.

Although State Farm could have devoted its resources to defending this litigation, State Farm instead spent a multitude of hours working with Class Counsel on an ambitious settlement that would greatly benefit the proposed settlement class,[1] which consists of:

> All persons who, during the Class Period, were insured by a State Farm Homeowners or PPC Commercial insurance policy covering a home, dwelling or other structure or personal property within the State of North Carolina. Excluded from the Settlement Class are (a) all judicial officers in the United States and their families through the third degree of relationship; and (b) all officers, directors, employees or counsel of State Farm.

Under the proposed settlement, State Farm has agreed to undertake an enormous effort, at considerable expense, to enhance its ability to determine the correct PPC Codes for property located in North Carolina. In particular, State Farm will license a proprietary computer database that provides PPC codes for property in North Carolina and will integrate that database into the systems used to determine premiums for North Carolina policyholders. Once the considerable task of integrating the database has been completed, State Farm will perform an audit for the

---

[1] Although State Farm agrees that certification of the proposed class is appropriate for settlement purposes, State Farm does so without prejudice to its position on certification if this case were to be litigated. Indeed, if this case returned to litigation, State Farm would oppose certification of a litigated class on all available grounds, as if no settlement had ever been reached. Plaintiffs have agreed that State Farm's concession in settlement is not to be used against State Farm if this case returns to litigation.

benefit of thousands of current and former policyholders who have insured property in North Carolina during the five year class period. This audit is designed to address any inaccuracies in the application of a PPC rating to each policy, with the goal of ensuring that the correct PPC is utilized in calculating the premium for every policy insuring property in North Carolina. In the event State Farm determines that the PPC rating was inaccurately applied to a policy, State Farm will correct the inaccuracy.

State Farm has also agreed to pay a full refund to those current or former policyholders who are identified, through the audit, as having paid a higher premium than they would have paid if the correct PPC Code had been used. Any such refund will be calculated by determining the difference between the premium the policyholder would have paid if his or her PPC rating had been properly considered and the premium actually paid. If a refund is due, the policyholder will receive the full amount due plus interest. State Farm will create a $30 million Settlement Fund to cover these refunds (and attorneys' fees), but this is not a cap on State Farm's financial obligation under the settlement. If, through the audit, it is determined that the aggregate amount of the refunds to which Class Members are entitled causes the balance of the Settle Fund to fall below $1 million, State Farm will contribute more money as needed to compensate policyholders.[2]

In addition, for those settlement class members who continue to be insured under the State Farm policy, State Farm will apply the results of the audit to the determination of the policyholder's premium when the policy is renewed.

---

[2] If the amount in the Settlement Fund (after payment of attorneys' fees) exceeds the aggregate amount of refunds to which Class Members are entitled under the Settlement Agreement, the funds remaining in the Settlement Fund will revert to State Farm. Stipulation and Agreement of Settlement, § 8.5.

6984007v1

3

Case 4:09-cv-00031-D   Document 40   Filed 06/23/10   Page 3 of 7

# ARGUMENT

## I. THE LEGAL STANDARD GOVERNING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS

Plaintiffs' Memorandum sets forth the standard governing preliminary approval of class action settlements. State Farm agrees that these standards are met here. Therefore, State Farm, like Plaintiffs, requests that the Court preliminarily approve the settlement and allow class notice to be disseminated to settlement class members.

As Plaintiffs' Memorandum also discusses, whether the Court should finally approve this class action settlement will require the Court's determination that the settlement is fair, reasonable, and adequate based on all the relevant case-specific circumstances. State Farm will be prepared to address these factors in more detail, and respond to any objections to the settlement that may be filed, in its brief in support of Final Approval and at the final fairness hearing.

At this stage, before class notice can be approved and disseminated under Federal Rule of Civil Procedure 23(e), the Court need only make an initial, preliminary determination that it is fair, reasonable, and adequate. The scope of that review is limited:

> The judge must make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing

*Manual for Complex Litigation (Fourth)* § 21.632 (2004).

## II. A BRIEF SUMMARY OF WHY THE SETTLEMENT TERMS ARE FAIR, REASONABLE AND ADEQUATE

State Farm has significant defenses to liability and significant arguments in opposition to class certification. In this case, however, the fairness, reasonableness and adequacy of the settlement is evident merely by looking at the relief the settlement class members will receive.

As explained above, State Farm has agreed, among other things, (a) to undertake an enormous effort to enhance its ability to determine the correct PPC Codes for property located in North Carolina., (b) to perform an audit for the benefit of thousands of current and former policyholders who have insured property in North Carolina, and (c) to pay a full refund to those current or former policyholders who are identified, through the audit, as having paid a higher premium than they would have paid if the correct PPC Code had been used. In light of these commitments made by State Farm, there can be no doubt that the settlement is fair, reasonable and adequate.

### III. THE NOTICE TO SETTLEMENT CLASS MEMBERS SATISFIES DUE PROCESS

A key consideration for the Court at the preliminary approval stage, as Plaintiffs have articulated, is that the Court approve the adequacy of the notice—both its content and the method for distributing the notice to settlement class members. Plaintiffs have accurately described the notice provisions and State Farm adopts the argument contained in Plaintiffs' Memorandum as to why the settlement notice satisfies due process standards and the requirements of Fed. R. Civ. P. 23. In short, the notice plan has been designed to provide that the class members will (a) receive the notice; (b) understand the core contents of the settlement benefits and terms; and (c) understand their rights under Rule 23.

### CONCLUSION

Based on the provisions set forth in the Stipulation and Agreement of Settlement and for the reasons summarized above, State Farm respectfully requests that the Court preliminarily approve the settlement.

Dated: June 23, 2010

/s/ Scott Lewis
Ellen J. Persechini
Hedrick, Gardner, Kincheloe & Garofalo, LLP
1838 Sir Tyler Dr., Suite 200
Wilmington, NC 28405
Telephone: (910) 509-9664
Facsimile: (910) 509-9630
Email: slewis@hedrickgardner.com
NC State Bar No. 22167
Email: ellenp@hedrickgardner.com
NC State Bar No. 28742


Todd A. Noteboom
MN No. 240047
Monica L. Davies
MN No. 315023
Leonard, Street and Deinard
 Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55401
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
Email: todd.noteboom@leonard.com
Email: monica.davies@leonard.com

John A. Chandler
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Telephone: (404) 572-4646
Facsimile: (404) 573-5142
Email: jchandler@kslaw.com

**Attorneys for Defendant State Farm Fire and Casualty Company**

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2010 I electronically filed the foregoing **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** with the Clerk of Court using the CM/ECF system which will send notification of filing to the following: Gary J. Rickner, Jenna F. Butler, Hugh R. Overholt, C. Neal Pope, Michael L. McGlamry, Wade H. Tomlinson, III, Alan G. Snipes and Amelia A. Godfrey.

Gary J. Rickner
gjr@wardandsmith.com

Jenna F. Butler
jfb@wardandsmith.com

Hugh R. Overholt
hro@wardandsmith.com

C. Neal Pope
Michael L. McGlamry
Wade H. Tomlinson, III
Alan G. Snipes
Amelia A. Godfrey
efile@pmkm.com

Respectfully submitted,

/s/ SCOTT LEWIS
**ELLEN J. PERSECHINI**
**Attorneys for defendant State Farm**
**HEDRICK, GARDNER, KINCHELOE & GAROFALO, L.L.P.**
**1838 Sir Tyler Dr., Suite 200**
**Wilmington, NC  28405**
**PH:     (910) 509-9664**
**FAX:  (910) 509-9630**
**Email:  slewis@hedrickgardner.com**
**NC State Bar No. 22167**
**Email:  ellenp@hedrickgardner.com**
**NC State Bar No. 28742**